FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01169-BNB
(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

GUSTAVO COLÓN, #07984-424,

    Applicant,

v.

BLAKE R. DAVIS, A.D.X. Warden,

    Respondent.

---

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCY

Applicant, Gustavo Colon, has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue his claims. Any papers which the Applicant files in response to this order must include the civil action number on this order.

Mr. Colon has initiated a habeas corpus action. However, the claims he asserts in this action are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v.**

*Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Colon is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Colon complains that prison officials have placed restrictions on the funds in his inmate trust fund account, and his mail and telephone communications.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Colon raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) if he wishes to pursue his claims in this action.

**28 U.S.C. § 1915 Motion and Affidavit**
(1)  ___  is not submitted
(2)  ___  is missing affidavit
(3)  ___  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___  is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  ___  is missing an original signature by the prisoner
(7)  ___  is not on proper form (must use the court's current form)
(8)  ___  names in caption do not match names in caption of complaint, petition or habeas application
(9)  ___  An original and a copy have not been received by the court. Only an original has been received.
(10) ___  other:_____.

**Complaint, Petition or Application**:
(11) ___  is not submitted
(12) _X_  is not on proper form (must use the court's current form for a prisoner complaint)
(13) _X_  is missing an original signature by the prisoner
(14) ___  is missing page nos. ___
(15) ___  uses et al. instead of listing all parties in caption

(16) ___ An original and a copy have not been received by the court. Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___ names in caption do not match names in text
(19) ___ other _____

Accordingly, it is

ORDERED that the Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order.** Any papers which the Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail to the Applicant, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if the Applicant fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the application and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED May 11, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01169-BNB

Gustavo Colon
Reg. No. 07984-424
USP Florence ADMax
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 11, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk