IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01169–WJM–KMT

GUSTAVO COLÓN,

      Plaintiff,

v.

BLAKE R. DAVIS - WARDEN,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendant Blake R. Davis' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 21 [Mot. Dismiss], filed September 28, 2011) and "Plaintiff['s] Motion for Summary Judgment" (Doc. No. 34 [Mot. Summ. J.], filed January 3, 2012).

### I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's "Prisoner Complaint" (Doc. No. 4 [Compl.], filed June 8, 2011) as well as the parties' briefing with respect to this Recommendation.

Plaintiff alleges Defendant, the Warden of the United States Penitentiary in Florence, Colorado, where Plaintiff is incarcerated, has violated his Fifth Amendment Due Process rights. (*See* Compl. at 2–3.) Specifically, Plaintiff alleges on December 16, 2008, Defendant placed a

freeze on his trust fund account without giving Plaintiff adequate notice. (*Id.* at 4.) Plaintiff also alleges on December 16, 2008, Defendant placed Plaintiff on mail and telephone restriction and has refused to allow Plaintiff to correspond with or communicate with anyone other than his immediate family members. (*Id.* at 5–6.) Plaintiff also alleges Defendant has failed to provide a six-months' review to have the restrictions removed in violation of his due process rights. (*Id.* at 4–6.)

Plaintiff seeks an injunction requiring Defendant to reinstate all privileges. (*Id.* at 8.) Plaintiff also seeks compensatory damages. (*Id.*)

## II. PROCEDURAL HISTORY

Plaintiff filed his Prisoner Complaint on June 8, 2011. (Compl.) On September 7, 2011, Plaintiff filed a document in which he clarified that he asserts claims against Defendant Davis in his official capacity only. (*See* Doc. No. 20.)

Defendant filed his Motion to Dismiss on September 28, 2011. (Mot. Dismiss.) Plaintiff filed his response on November 25, 2011. (Doc. No. 32 [Pl.'s Resp.].) Defendant filed his reply on December 12, 2011. (Doc. No. 33 [Def.'s Reply].)

Plaintiff filed his Motion for Summary Judgment on January 3, 2012. (Mot. Summ. J.) Defendant filed his response on January 24, 2012. (Doc. No. 38 [Def.'s Resp.].) Plaintiff filed his reply on February 13, 2012. (Doc. No. 39 [Pl.'s Reply].) These motions are ripe for recommendation and ruling.

## III. LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B. *Lack of Subject Matter Jurisdiction*

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the

allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id*.

### B.      *Failure to State a Claim Upon Which Relief Can Be Granted*

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### C.   *Summary Judgment*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P.

56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

### IV. ANALYSIS

#### A. *Motion to Dismiss*

Defendant moves to dismiss Plaintiff's Complaint on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's claims for money damages and that Plaintiff fails to state a due process claim. (*See* Mot. Dismiss at 3–15.)

### *1.     Sovereign Immunity*

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's official capacity claims.  In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Corr. Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."  *Id.*; *See Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (claim for damages against a federal defendant in his official capacity is treated as a claim against the United States).

"[A] *Bivens* claim lies against the federal official in his individual capacity—not . . . against officials in their official capacity."  *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).  "A suit for damages against a federal agent in his official capacity would be barred by sovereign immunity, unless the government has waived sovereign immunity."  *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989) (citing *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir.1989) (sovereign immunity bars suit against IRS agents sued in their official capacities)).  An official-capacity claim under *Bivens*

> contradicts the very nature of a *Bivens* action.  There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.  Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.

*Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).  Sovereign immunity, therefore, bars Plaintiff's claims for damages against the defendant in his official capacity, and his damages claims are appropriately dismissed for lack of jurisdiction.

### 2.   *Failure to State a Claim*

Defendant next argues that Plaintiff's claims for injunctive relief fail to state a due process claim.  The court "review[s] property and liberty interest claims arising from prison conditions by asking whether the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.' "  *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th. Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)).  In *Sandin v. Conner*, the Supreme Court held that a deprivation occasioned by prison conditions or a prison regulation does not reach protected liberty interest status and require procedural due process protection unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  The Tenth Circuit subsequently ruled that property interest claims by inmates are also to be reviewed under *Sandin*'s analysis.  *Cosco*, 195 F.3d at 1224.

#### a.   *Inmate Trust Fund Account*

Defendant argues that Plaintiff has failed to allege sufficient facts showing that the restriction on his inmate account amounted to an atypical and significant hardship.  (Mot. Dismiss at 13–14.)  Defendant argues that the only facts alleged by Plaintiff in Claim One to establish a property interest are that (1) since December 16, 2008, he has not had access to his funds and (2) "when money is sent to [him] by [his] family it is placed on HOLD-FROZEN by

9

the Warden." (*Id.* at 13 [citing Compl. at 4].)  Defendant also argues that the records attached to Plaintiff's Complaint reveal that the restrictions on Plaintiff's inmate account were imposed to identify and seize contraband funds related to gang activity, causing incoming funds to be placed on administrative hold "until cleared of Latin King gang activity origination" and encumbering all funds in Plaintiff's inmate account "determined to originate from individuals associated with Latin King gang activity."[1] (*Id.* [citing Compl. at 13.)

Taking Plaintiff's allegations as true, however, the court finds they are sufficient to state a claim for a due process violation.  Though the Tenth Circuit has held that the seizure and forfeiture of currency as contraband is a typical incident of prison life, and is not a significant property interest deprivation, *Steffey v. Orman*, 461 F.3d 1218, here Plaintiff alleges <u>all</u> of his funds have been held and frozen–even money sent to him by family members–for almost four years.  At this juncture, it is impossible for the court to determine that any or all of the funds being held are contraband.  Moreover, there is no indication in the Complaint or the attached records that any of the funds have been released after a determination they are not contraband.

---

[1] "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted).  Plaintiff, however, refers to a number of documents in his Complaint and has attached them thereto, and the court may therefore consider them.  *See id.* (providing that the limited exceptions to the general rule regarding assessment of a complaint's sufficiency are "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.' ") (citations omitted).

Finally, " 'to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.' " *Steffey*, 461 F.3d at 1223 (quoting *Bd, if Regents of State Colleges v. Roth* , 408 U.S. 564, 577 (1972). Unlike in *Steffey*, where the court was able to conclude that the property interest involved–fifty dollars–was insignificant, here the court is unable to make such a determination at this time. Rather, because Plaintiff alleges his inmate funds have been frozen since 2008, it is possible Plaintiff's property interest is significant. Moreover, because it is impossible to determine at this time if the funds that have been frozen are contraband, it also is impossible for the court to determine if Plaintiff has a legitimate claim of entitlement to the money.

Therefore, based on the foregoing, the court recommends that Defendant's motion to dismiss Plaintiff's claim for injunctive relief relating to his inmate trust fund account be denied.

### b.     *Mail and Telephone Communications*

Plaintiff alleges (1) he has been on telephone and mail restrictions from December 16, 2008, which limits his communications to immediate family members only; (2) he was denied "the right to keep a normal relationship with other family members"; and (3) the restrictions are indefinite. (Compl. at 5–6.) Plaintiff alleges the failure of the defendant to conduct any required reviews of the restrictions on his communications and the indefinite nature of the restrictions constitute a violation of his due process rights. (*Id.*)

Regulation of a prisoner's communications is permissible so long as it is " 'reasonably related to legitimate penological interests.' " *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989)(quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Supreme Court in *Turner* outlined factors courts should consider when determining whether a restriction is reasonably related to legitimate penological interests. *See Turner*, 482 U.S. at 89–91. First, there must be a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it." 482 U.S. at 89 (internal quotation omitted). Second, if alternative means of exercising the constitutional right are available to the inmate, courts should accord prison officials substantial deference in determining the validity of the regulation. *Id.* at 90. A third consideration is the impact the accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources. *Id.* Finally, the existence of "obvious, easy alternatives" that fully accommodate the inmate's rights at *de minimis* cost to valid penological interests indicates that the prison regulation is not reasonable, but is an "exaggerated response" to prison concerns." *Id.* at 90-91.

These *Turner* factors are highly fact-intensive and, therefore, commonly cannot be adequately addressed until the summary judgment stage. *See, e.g., Al–Owhali v. Mukasey*, No. 07–cv–02214–LTB–BNB, 2010 WL 5651033, at *11 (D. Colo. June 17, 2010) ("This analysis requires facts that are not properly before the court on a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ.P ."); *see also Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) ("*Turner* thus requires courts, on a case-by-case basis, to look closely at the facts of a particular case and the specific regulations and interests of the prison system in determining whether

prisoners' constitutional rights maybe curtailed."); *Monroe v. Beard*, 2007 WL 764086, at *13 (E.D. Pa. March 7, 2007) (noting that, while "[c]hallengers of the regulation have the ultimate burden of persuasion that the policy is unreasonable and fails step one of the *Turner* analysis," the government "must provide a government interest that justifies the regulation and 'demonstrate that the policy drafters could rationally have seen a connection between the policy and that interest' ").

Here, Plaintiff alleges that he is cut off from certain family members but not others without adequate justification. Giving Plaintiff the benefit of all favorable inferences, he may be able to demonstrate that the restriction of his privileges imposes atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff also may be able to support the inference that the restrictions are not reasonably related to the proffered penological interest. Accordingly, dismissal of Plaintiff's claims regarding his mail and telephone restrictions is not appropriate at this time.

### B. *Motion for Summary Judgment*

Plaintiff moves for summary judgment on the basis that Defendant Davis is not authorized to issue restrictions against him. (*See generally* Mot. Summ. J.) Plaintiff argues that the defendant "failed to have his Appointment Affidavit/Oath of Office" as a "Coop-Student" for the BOP "properly administrated to make it a legally authentic document according to the Law." (*Id.* at 4.) Plaintiff therefore asserts that the defendant is "NOT a Warden-Government Agent" and he had no authority to issue any restrictions against the Plaintiff." (*Id.*)

However, though Plaintiff attempts to prove that Defendant Davis is "not a Warden-Government Agent" by attacking an Appointment Affidavit from 1988 relating to Warden Davis's appointment to the position of "Coop Student" with the BOP, the Appointment Affidavit relates to Warden Davis being appointed as a "Coop Student" in 1988, not as the current warden of the ADX.  (*See id.* at 6.)  Accordingly, the Appointment Affidavit does not establish the assertion that Plaintiff is trying prove.

Second, Plaintiff's contention that the Appointment Affidavit is void because it is not signed by a notary public is misguided.  Plaintiff argues that 5 U.S.C. § 2903 requires that oaths of office for federal officials be sworn before a notary public.  *(Id.* at 3-4.)   Specifically, Plaintiff focuses on the language in subsections (a) and (c) that states that an oath may be administered by "an individual authorized" by "local law to administer oaths." 5 U.S.C. § 2903(a) and (c)(2). However, Plaintiff completely ignores subsection (b) of §2903, which states:

> (b) An employee of an Executive agency designated in writing by the head of the Executive agency, or the Secretary of a military department with respect to an employee of his department, may administer--
> (1) the oath of office required by section 3331 of this title, incident to entrance into the executive branch; or
> (2) any other oath required by law in connection with employment in the executive branch.

5 U.S.C. § 2903.  Plaintiff has not established that the 1988 Appointment Affidavit attached to his motion was not administered pursuant to subsection (b), *i.e.*, by an employee of the BOP, an Executive agency within the Department of Justice, who has been designated in writing by the Attorney General or the Director of the BOP.  Because Plaintiff has filed the motion for summary judgment, it is his burden to show that the 1988 Appointment Affidavit is invalid, to

the extent it has any relevance to his position as Warden in 2012, *Celotex*, 477 U.S. at 325, but he fails to do so.

Accordingly, Plaintiff fails to present evidence in his motion showing that there is no genuine issue of material fact regarding his due process claims and that he is entitled to judgment as a matter of law on those claims.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

(1) Defendant Blake R. Davis' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 21) be GRANTED in part and DENIED in part as follows:

    a.    Plaintiff's damages claims should be dismissed for lack of jurisdiction; and

    b.    Plaintiff's claims for injunctive relief should proceed; and

(2) "Plaintiff['s] Motion for Summary Judgment" (Doc. No. 34) be DENIED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of August, 2012.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge