**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01169-WJM

GUSTAVO COLÓN,

    Plaintiff,

v.

BLAKE R. DAVIS

    Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION,
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Gustavo Colón brings this action against Blake Davis, Warden of the United States Penitentiary in Florence, Colorado, where Plaintiff is a prisoner. (ECF No. 4.) Plaintiff alleges that restrictions imposed on his inmate trust fund and on his mail and phone privileges violate his Due Process rights. (*Id*.) Plaintiff seeks compensatory damages and injunctive relief reinstating all of his privileges. (*Id*. at 8.)

### I.  PROCEDURAL HISTORY

In lieu of an answer, Defendant filed a Motion to Dismiss arguing that the Court lacks jurisdiction over Plaintiff's request for monetary damages and that Plaintiff failed to state a claim for a Due Process violation. (ECF No. 21.) Plaintiff filed a Motion for Summary Judgment arguing that Defendant lacks the authority to impose the restrictions at issue here because his appointment paperwork was never completed. (ECF No. 34.) Both Motions were referred to United States Magistrate Judge Kathleen

M. Tafoya for a report and recommendation.  (ECF Nos. 22 & 35.)

On August 8, 2012, Magistrate Judge Tafoya issued her Recommendation that Defendant's Motion to Dismiss be granted in part and denied in part and that Plaintiff's Motion for Summary Judgment be denied.  (ECF No. 40.)  The Recommendation advised the parties that any objection was due within fourteen days of service.  (*Id*. at 15-16.)  Defendant filed his Objection to the Recommendation on August 22, 2012.  (ECF No. 44.)  On August 31, 2012, the Court received a letter from Plaintiff stating that he did not receive the Recommendation and was only aware that it had been issued because he received the Defendant's Objection.  (ECF Nos. 45, 47.)  The Court then re-served the Recommendation on Plaintiff and gave Plaintiff an additional fourteen days to submit any objections.  (ECF No. 48.)  On September 17, 2012, the Court received Plaintiff's Objection to the Recommendation.

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III.  ANALYSIS

The Magistrate Judge recommended that Defendant's Motion to Dismiss be granted as to Plaintiff's monetary damages claim and denied as to Due Process claim

in so far as it sought prospective injunctive relief. She also recommended that Plaintiff's Motion for Summary Judgment be denied. (ECF No. 40.) The parties have objected to all of these recommendations and the Court will address each in turn below.

**A.   Monetary Relief**

Plaintiff's Complaint seeks monetary relief from Defendant in his official capacity. (ECF No. 4 at 8; ECF No. 20.) The Magistrate Judge recommends that this claim be dismissed on ground of sovereign immunity. (Rec. at 8-9.) The doctrine of sovereign immunity bars the recovery of monetary damages from the federal government. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1984).

Plaintiff objects to the Magistrate Judge's Recommendation and argues that sovereign immunity does not apply because Warden Davis is only "posing" as a government official because he never filed a valid appointment affidavit. (ECF No. 50 at 1.) The Court finds Plaintiff's Objection unpersuasive. Even if the Court were to assume that Warden Davis is not a proper government official, the fact that Plaintiff explicitly brings his claims against Davis "in his official capacity" means that the doctrine of sovereign immunity bars his claim for monetary damages. A claim against a federal employee in his or her official capacity is simply another way of bringing a claim against the federal government itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, regardless of whether Warden Davis ever filed a valid appointment affidavit, Plaintiff's claim against Warden Davis in his official capacity is really a claim against the United States Bureau of Prisons. *Id*.

The law is clear that a plaintiff cannot recover money damages from the federal

government in a case like this. Meyer, 510 U.S. at 477-78. Accordingly, Defendant's Motion to Dismiss is granted to the extent it seeks dismissal of Plaintiff's claim for monetary damages.

**B.    Injunctive Relief**

Plaintiff claims that restrictions imposed by Defendant on his inmate trust account, ability correspond by mail, and ability to make and receive telephone calls violates his Due Process rights. (ECF No. 4 at 6-8.) As relief, Plaintiff seeks an injunction that would unfreeze and release the funds in his inmate trust account, remove all mail restrictions, and remove all telephone restrictions. (ECF No. 4 at 8.)

Defendant moves to dismiss these claims and argues that Plaintiff has failed to state a claim upon which relief could be granted. (ECF No. 21 at 5.) The Magistrate Judge found that Plaintiff had stated a claim and recommends that Defendant's Motion be denied. (ECF No. 40 at 9-13.) Defendant objects to the Magistrate Judge's Recommendation and argues that the Magistrate Judge applied the wrong legal standard and failed to properly consider relevant Tenth Circuit case law. (ECF No. 44.) The Court has reviewed *de novo* the issues raised in the Motion to Dismiss and the Magistrate Judge's Recommendation and agrees with the Magistrate Judge's analysis. The Court finds that, taking the allegations in the Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has stated a plausible[1] claim for a

---

[1] Defendant argues that the Magistrate Judge applied the wrong legal standard on his Motion to Dismiss because the Magistrate Judge characterized a particular fact as "possible" rather than "plausible". (ECF No. 44 at 12.) Defendant points out that the correct legal standard is whether a claim is "plausible". *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court agrees with Defendant's citation and his argument regarding the correct legal standard. It does not agree, however, that the Magistrate Judge applied the incorrect standard.

4

violation of his Due Process rights.

While Defendant's Objection is well-written and well-reasoned, the Court views the arguments raised therein as more appropriate for summary judgment than a motion to dismiss for failure to state a claim. Defendant's Objection (and its original Motion to Dismiss) both cite a plethora of materials outside of the Plaintiff's Complaint and ask the Court to take judicial notice of the facts contained therein. Rather than take judicial notice of facts that are outside of the Complaint and on which Plaintiff has not had the opportunity to be heard, the Court believes that this case should proceed to discovery with Defendant free to re-raise these issues and re-submit these documents in support of his inevitable motion for summary judgment.

Accordingly, the Court denies Defendant's Motion to Dismiss to the extent it is predicated on failure to state a claim upon which relief could be granted.

## C.     Plaintiff's Motion for Summary Judgment

Plaintiff moves the Court for the entry of summary judgment on his claims because he alleges that Defendant does not have the authority to place restrictions on Plaintiff's mail and telephone use or his inmate trust account. (ECF No. 34.) Plaintiff contends that Defendant lacks such authority because Defendant's Appointment Affidavit/Oath of Office was not administered by a notary public. (*Id*. at 2-3.) The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied. (ECF No. 40 at 13-14.)

Specifically, the Magistrate Judge found that Plaintiff had failed to submit

---

Rather, the Court finds that the Magistrate Judge simply used the term "possible" as a descriptive word. Nothing in *Iqbal* bars the use of the term "possible" in such manner.

evidence showing that Defendant's Appointment Affidavit was not administered in accordance with 5 U.S.C. § 2903(b).  (Rec. at 14.)  Plaintiff objects to the Recommendation but fails to cite any evidence that would call into question the Magistrate Judge's reasoning.  (ECF No. 50 at 1-7.)  Instead he recites the same argument raised in his Motion for Summary Judgment and his Reply Brief and cites the evidence he previously submitted.  (*Id.*)

Having reviewed this issue *de novo*, the Court agrees with the Magistrate Judge's reasoning and recommendation.  Accordingly, Plaintiff's Motion for Summary Judgment is denied.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's August 8, 2012 Recommendation (ECF No. 40) is ACCEPTED;

2. Plaintiff's Motion for Summary Judgment (ECF No. 34) is DENIED; and

3. Defendant's Motion to Dismiss (ECF No. 21) is GRANTED as to Plaintiff's claim for monetary damages and DENIED as to Plaintiff's request for injunctive relief based on the alleged violation of his Due Process rights.

Dated this 19th day of September, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge