**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-1169-WJM-KMT

GUSTAVO COLÓN,

      Plaintiff,

v.

DAVID BERKEBILE,

      Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION, ADOPTING THE SEPTEMBER 30, 2013 RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS AS MOOT**

---

This matter is before the Court on the September 30, 2013 Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya (ECF No. 93) (the "Recommendation") that Defendant's Motion for Summary Judgment (ECF No. 70) be denied.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b).  Also before the Court is Defendant's Motion to Dismiss Plaintiff's Claims as Moot (the "Motion to Dismiss').  (ECF No. 107.)  For the reasons set forth below, the Recommendation is adopted, the Motion for Summary Judgment is denied, and the Motion to Dismiss is granted.

## I.  BACKGROUND

Plaintiff Gustavo Colón is a *pro se* prisoner currently incarcerated at the Administrative Maximum facility in Florence, Colorado ("ADX").  (ECF No. 107 at 2.)  Plaintiff has been identified as the leader of the Latin Kings, a criminal organization.

(ECF No. 107-1 at ¶ 6.)  Defendant David Berkebile is the current Warden at the ADX.[1] (ECF No. 93 at 1.)

In December 2008, Plaintiff was placed on social telephone and mail restrictions, limiting his communications to immediate family members (the "Communications Restriction").  (ECF No. 107-1 ¶ 7.)  The Communications Restriction resulted from an investigation which revealed that Plaintiff was using his correspondence and telephone privileges to communicate with Latin Kings' members in order to direct the gang's criminal activity.  (*Id.*, 107-2 at 21.)  Around the same time, Plaintiff's inmate trust fund was placed in Administrative Hold Status, meaning that incoming funds would be placed on administrative hold until cleared of Latin Kings gang activity (the "Administrative Hold Restriction") (together, with the "Communications Restriction," the "Restrictions").  (ECF Nos. 107-1 ¶ 7, 107-2 at 27.)  The Administrative Hold Restriction resulted from a review of Plaintiff's inmate trust fund which indicated that he received funds from individuals in direct relation to Latin Kings gang-related activities.  (ECF No. 107-2 at 27.)  The Bureau of Prison's ("BOP") rationale for implementing these Restrictions related to Plaintiff's affiliation with the Latin Kings gang, and the BOP's effort to prevent Plaintiff from engaging in Latin Kings gang-related activities while incarcerated at the ADX.  (ECF No. 4 at 12, 13.)

Plaintiff's operative Complaint was filed on June 8, 2011.  (ECF No. 4.)  Plaintiff's Complaint alleges that the Restrictions violate his Due Process rights.  (*Id.*)  Plaintiff

---

[1] David Berkebile was substituted for Blake R. Davis, the previous warden of the ADX, on November 26, 2012.  (ECF No. 58.)

seeks injunctive relief reinstating all of his privileges.[2]  (*Id.* at 8.)

On May 10, 2013, Defendant filed a Motion for Summary Judgment, claiming that the Restrictions did not violate a protected liberty or property interest as a matter of law. (ECF No. 70.)  Plaintiff responded on June 7, 2013.  (ECF No. 76.)  Defendant did not submit a Reply.  The Court referred the Motion for Summary Judgment to Magistrate Judge Kathleen M. Tafoya for a report and recommendation.  (ECF No. 82.)

All Restrictions on Plaintiff's privileges were removed on August 15, 2013, after the BOP determined that the Restrictions were no longer necessary because a RICO case had resulted in the prosecution, conviction, and sentencing of 23 members of the Latin Kings gang in March 2013.  (ECF Nos. 107-1 ¶ 9, 107-3 ¶ 5)

On September 30, 2013, Magistrate Judge Tafoya issued her Recommendation that Defendant's Motion for Summary Judgment be denied.  (ECF No. 93.)  On October 29, 2013, Defendant filed an Objection to the Recommendation (the "Objection").  (ECF No. 114.)

Also on October 29, 2013, Defendant filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3), asserting that the Court lacked jurisdiction over this case.  (ECF No. 107.)  Specifically, Defendant argued that Plaintiff's claims became moot when the BOP lifted the Restrictions.  (*Id.* at 1.)  Plaintiff responded on November 6, 2013.  (ECF No. 119.)  Although Defendant did not submit a Reply, the motion is ripe for resolution.

The Court will address each of the pending motions in turn below.

---

[2] The Court previously dismissed Plaintiff's claim for compensatory damages.  (ECF No. 51.)

## II.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden on a motion for summary judgment by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal citation and quotation marks omitted).  If the movant meets this burden, the burden shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Adler*, 144 F.3d at 671 (quotation marks omitted).

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge

4

may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Here, Defendant filed a timely objection to Magistrate Judge Tafoya's Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Therefore, this Court reviews the issue before it *de novo*.

After *de novo* review, the Court concludes that Magistrate Judge Tafoya's analysis of the issues was thorough and her conclusions were correct. As to Plaintiff's allegation regarding the Communications Restriction, Magistrate Judge Tafoya found that the fourth *DiMarco* factor weighed in favor of Plaintiff's liberty and due process claim. (ECF No. 93 at 10.) Specifically, the Magistrate Judge found that Defendant failed to provide evidence that periodic reviews of the restrictions actually occurred.[3] (ECF No. 93 at 8-9.) Therefore, the Court agrees with the Magistrate Judge's finding that Defendant failed to fulfill his burden of demonstrating an absence of evidence to support Plaintiff's allegation that he had a protected liberty interest, and that the procedures attendant to that deprivation were not constitutionally sufficient.

Similarly, as to Plaintiff's allegations regarding the Administrative Hold Restriction, Defendant failed to submit any evidence regarding Plaintiff's trust fund account, including evidence that all of Plaintiff's frozen funds were contraband. Therefore, the Court agrees with the Magistrate Judge's finding that there is a question of fact as to whether Plaintiff has a legitimate claim of entitlement to the money in the trust fund.

---

[3] Defendant seeks to introduce new evidence in his Objection that was not appended to the original Motion for Summary Judgment. (ECF No. 114 at 2-3.) The Court declines to receive this new evidence. *See* Fed. R. Civ. P. 72(b)(3) ("The district may . . . receive further evidence . . . ."); *Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006) ("[T]he decision of whether to receive additional evidence [is left] to the sound discretion of the district court.") (internal citation and quotation marks omitted).

Accordingly, the Magistrate Judge's Recommendation that Defendant's Motion for Summary Judgment be denied is ACCEPTED and Defendant's Objection is OVERRULED.

## III.   DEFENDANT'S MOTION TO DISMISS

### A.   Standard of Review

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss is typically "determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the

6

complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## B.   Analysis

Defendant argues that Plaintiff's requested equitable relief is moot because the BOP lifted the Restrictions on Plaintiff's privileges.  (ECF No. 107 at 8.)

This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal citation omitted).  "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *Deberry v. Davis*, 460 F. App'x 796, 799 (10th Cir. 2012) (internal citation and quotation marks omitted).  "Where a plaintiff seeks an injunction, his susceptibility to *continuing* injury is of particular importance – past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . .  if unaccompanied by any continuing, present adverse effects."  *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (emphasis in original) (internal citation and quotation marks omitted).

Here, the BOP lifted the Restrictions on Plaintiff's privileges on August 15, 2013. (ECF Nos. 107-1 at ¶ 9,107-2 at 31-32, 107-3 at ¶ 5.)  Since his privileges have been restored to their pre-restriction levels (*id*.), the Court finds that Plaintiff has no "continuing injury" and his claims are moot.  *See Jordan*, 654 F.3d at 1024.  Plaintiff does not dispute this finding.  Plaintiff instead argues that this case falls within an exception to the mootness doctrine.  (ECF No. 119 at 4.)

7

Exceptions to the mootness doctrine exist if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (internal citation omitted).

Plaintiff argues the voluntary cessation exception applies, because Defendant can impose similar restrictions on Plaintiff in the future.  (ECF No. 119 at 4.)  "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Binsz v. Cody*, 1994 WL 577558, at *2 (10th Cir. Oct. 17, 1994) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)).  "Instead, voluntary cessation moots a case if the defendant can satisfy the burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." *Id.* (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).  The reasonable expectation standard "is not 'mathematically precise' and requires only a 'reasonable likelihood' of repetition." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir.2002) (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

 Defendant has provided sufficient evidence establishing that Plaintiff has not shown a "reasonable expectation" that the Restrictions will be imposed again in the future.  The Restrictions were implemented in order to prevent Plaintiff from engaging in Latin Kings gang-related activity while incarcerated at the ADX.  (ECF Nos. 107-1 at ¶¶ 6, 7, 107-2 at 27.)  The BOP determined that the Restrictions were no longer necessary after 23 members of the Latin Kings gang were prosecuted, convicted, and sentenced in March 2013.  (ECF Nos. 107-1 ¶ 9, 107-2 at 32, 107-3 ¶ 5.)  Given this change in

circumstance, there is no reasonable expectation that the Restrictions will be re-imposed.

Additionally, the record shows that the BOP cannot impose the Restrictions again without new process or new evidence showing that Plaintiff is abusing his privileges, meaning that the Restrictions are directly tied to Plaintiff's own behavior.  (ECF Nos. 107-1 ¶¶  4,5 10, 107-2 at 2-3, 107-3 ¶ 3.)  The fact that Plaintiff controls his own fate weighs against finding that the voluntary cessation exception applies.  *See Obando v. Zavaras*, 2012 WL 5878209, at *12 (D. Colo. Oct. 30, 2012) ("Plaintiff 'holds the keys' to his remaining free from the unit[, t]herefore, the Court finds that the voluntary cessation exception . . . to the mootness doctrine is inapplicable to the instant case."), *report and recommendation adopted*, 2012 WL 5878120 (D. Colo. Nov. 20, 2012).  Therefore, the Court finds that the voluntary cessation exception to the mootness doctrine is inapplicable.

Accordingly, Defendant's Motion to Dismiss is GRANTED.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    The Court ADOPTS the Recommendation (ECF No. 93);

2.    Defendant's Objection (ECF No. 114) to the Magistrate Judge's September 30, 2013 Recommendation is OVERRULED;

3.    Defendant's Motion for Summary Judgment (ECF No. 70) is DENIED;

4.    Defendant's Motion to Dismiss Plaintiff's Claims as Moot (ECF No. 107) is GRANTED; and

5.    The Clerk shall enter judgment and close the case.

Dated this 6th day of February, 2014.

BY THE COURT:

William J. Martínez
United States District Judge